JOHN A. RUSSO, City Attorney, SBN129729
RANDOLPH W. HALL, Chief Asst. City Atty., SBN 080142
WILLIAM E. SIMMONS, Supervising Trial Atty., SBN 121266
ARLENE M. ROSEN, Senior Deputy City Atty., SBN 100160
KANDIS A. WESTMORE, Deputy City Atty., SBN 194594
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3589, Fax: (510) 238-6500
Email: kawestmore@oaklandcityattorney.org
25881/434285

Attorneys for Defendants,
CITY OF OAKLAND, et al.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; WAYNE TUCKER, in his capacity as Chief of Police for the CITY OF OAKLAND; JOHN CHIN, individually and in his capacity as a police officer for the CITY OF OAKLAND; KIRK COLEMAN, individually and in his capacity as a police officer for the CITY OF OAKLAND; and, DOES 1-25, inclusive,<br><br>    Defendants. | Case No.: C-07-06337-MEJ<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) and 41(b)**<br><br>Date:     March 13, 2008<br>Time:    2:00 p.m.<br>Courtroom: B, 15th Floor<br>Magistrate Judge: Maria-Elena James |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on Thursday, March 13, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard in courtroom B, 15th floor of the above-entitled court, Defendants City of Oakland, et al., will move the court to dismiss the specified portion of

-1-

Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and for failure to comply with the Federal Rules of Civil Procedure and Civil Local Rules. The said Oakland defendants bring this motion under Federal Rule of Civil Procedure, Rule 12(b)(6) and Rule 41(b) as the Complaint fails to identify Plaintiff by name and the third through sixth causes of action are barred by the applicable statute of limitations.

The motion is based on this Notice, Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss, the court file in this action, the Request for Judicial Notice in support of the motion and such evidence, oral and documentary, as may be presented at the hearing of this motion.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     INTRODUCTION**

Defendants hereby move this court for an order dismissing the Complaint in this action pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted and FRCP 41(b) for failure to comply with Rule 10 of the Federal Rules of Civil Procedure and Civil Local Rule 3-4(a). Specifically, the Complaint should be dismissed for the following reasons:

1. The Complaint fails to comply with Rule 10(a) of the Federal Rules of Civil Procedure and Civil Local Rule 3-4(a) because it does not identify the Plaintiff by name, and there is no basis for allowing Plaintiff to proceed anonymously.

2. Plaintiff's state law claims are barred by the applicable statute of limitations.

### **II.     STATEMENT OF FACTS**

On May 10, 2007, Plaintiff "Jane DOE" filed a claim for personal injury damages against the City of Oakland alleging that on March 16, 2007, she was unlawfully detained by Sgt. Coleman and Officer Chin while she was in her car at 29th Street and Martin Luther King Jr. Blvd. in Oakland. The claim indicates that Jane DOE sustained serious injuries, including invasion of

1  privacy, excessive detention, intimidation, fear, violation of rights and psychological injuries, and
2  claims compensatory, exemplary and punitive damages, civil penalties, costs and attorneys fees in
3  excess of $25,000. (Request for Judicial Notice ("RJN") in Support of Defendant's Motion to
4  Dismiss, Exhibit B.) The factual details of the claim are much like those alleged in the Complaint.
5  (RJN, Exhibit A.)
6        On May 17, 2007, the City of Oakland denied Plaintiff's claim, informing her that she had
7  only six months from the date the notice was deposited in the mail to file a court action on the
8  claim. The proof of service at the bottom of the City's Denial indicates that it was deposited in the
9  mail on May 17, 2007. (RJN, Exhibit C.) Plaintiff's Complaint in this action was filed on December
10 13, 2007. (RJN, Exhibit A.) The Complaint does not identify Plaintiff by name. Instead it lists a
11 fictitious name of "JANE DOE." *Id*.

12                               **III.     LEGAL ARGUMENT**

13 **A.      The Complaint fails to comply with Rule 10(a) of the Federal Rules of Civil
14         Procedure and Civil Local Rule 3-4(a) because it does not identify Plaintiff by
         name, and there is no basis for allowing Plaintiff to proceed anonymously.**

15        The Complaint filed in this case lists Plaintiff's name as "Jane Doe" in the caption. The
16 caption of every pleading, however, must contain the names of the parties (FRCP 10(a)), and Civil
17 Local Rule 3-4(a)(1) requires the first page to indicate the party represented by name. "The rule
18 serves to apprise the parties of their opponents, and it protects the public's legitimate interest in
19 knowing all the facts and events surrounding court proceedings." *John DOE et al. v. Bernard*
20 *Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981). Rule 41(b) permits a defendant to move for
21 dismissal of an action or of any claim against the defendant for failure of the plaintiff to comply
22 with the rules or any order of the court. FRCP 41(b).
23 ///
24 ///
25 ///
26

-3-
NOTICE OF MOTION, MOTION AND MEMO.                                                            C 07-06337-MEJ
OF P'S AND A'S ISO DFNTS' MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6) and 41(b)

1    The John DOE court citing to Supreme Court case law,[1] noted that, as a matter of public policy, the parties should not be allowed to proceed anonymously absent a showing that they fall under one of the limited exceptions to Rule 10. *Id*. at 160-61. The court made further reference to *Roe v. State of New York*, 49 F.R.D. 279 (S.D.N.Y. 1970) in which the court held that where plaintiffs used only pseudonyms for filing a complaint, the commencement of an action would be ineffective. *Id*. at 161.

After reviewing numerous cases on this subject, the *John DOE* court concluded that the courts have carved out limited exceptions to Rule 10, most commonly involving abortion, mental illness, personal safety, homosexuality, transsexuality, and illegitimate or abandoned children in welfare cases. *Id*. (internal citations omitted) "The common thread running through these cases is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Id*. A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved or when the injury litigated against would occur as a result of the disclosure of the plaintiff's identity, but the fact that the plaintiff might suffer some embarrassment or economic harm is not enough. *Id*. at 162.[2]

The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts. *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). Indeed, this court has a duty and the right to ensure compliance with the Federal Rules and to take action necessary to achieve the orderly and expeditious disposition of cases. *John DOE, supra*, at 163.

---

[1] Citing *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) in which the Court noted that "what transpires in the courtroom is public property."

[2] In response to the plaintiffs' offer to reveal their names to the court in camera and proceed unnamed, the court noted that this approach would not address the issue of whether they had a right to do so under the circumstances of that case. *John DOE, supra*, at 162, fn.14.

1     Here, there is no substantial privacy interest involved or exceptional circumstances that
2 would justify a departure from the normal method of proceeding in federal courts. Plaintiff alleges
3 that, before the subject incident, her family members made numerous phone calls to the Oakland
4 Police Department to report drug-dealing in the area near her home. (Complaint at 3:13-15.)
5 Plaintiff alleges that she and her mother are known to numerous Oakland police officers as being
6 cooperative in helping to report and reduce crime in the area, and Plaintiff's mother is actively
7 involved in the neighborhood watch program. *Id*. at 3:15-20. Plaintiff further alleges that her
8 mother (not her) told the officers at the scene that she had called the police to report suspected drug
9 dealers in the area shortly before her daughter left the house and that Officer Coleman told
10 plaintiff's mother that was what sent the officers out there. *Id*. at 7:18-20.

11     This case has nothing to do with Plaintiff or her mother's drug-dealing reporting activity. At
12 best, Plaintiff's mother may be concerned that someone will find out that she had called to report
13 drug dealing just before her daughter's detention. There is no indication, however, that Plaintiff
14 could reasonably fear retaliation from unidentified suspected drug dealers as a result of her
15 prosecution of this civil case against the City of Oakland and the Oakland police officers allegedly
16 involved in her detention. Nor does this case involve any individuals who were the subject of the
17 Plaintiff's past cooperation with the Oakland Police Department.

18     This is a civil case about Plaintiff's alleged unlawful detention by Oakland police officers
19 who suspected her of being involved in illegal drug activity. None of the cases setting forth
20 exceptions to Rule 10 permit plaintiffs to proceed anonymously to protect individuals other than
21 themselves. And, in any event, Plaintiff's prosecution of this case against the City defendants is no
22 more a threat to her mother or herself than her mother's public involvement in the local
23 neighborhood watch program.

24     Furthermore, as the court noted in *John DOE*, the "case or controversy" limitation of Article
25 III of the Constitution "requires that a federal court act only to redress injury that fairly can be
26 traced to the challenged action of the defendant [City Defendants], and not injury that results from

-5-

the independent action of some third party not before the court." *Id*. at 162, fn. 13 (citations omitted). Neither Plaintiff's mother nor any suspected drug-dealers possibly identified by Plaintiff's mother on the day of the incident or in the past are before this court. This case only turns on whether or not the actions of the defendant police officers violated Plaintiff's constitutional rights when they detained her for suspected drug activity. As such, any feared retaliation against Plaintiff for her prosecution of this civil action is speculative at best. There is no real danger of physical harm to Plaintiff, nor does the Complaint reveal that Plaintiff falls under any other exception to Rule 10. Therefore, Plaintiff should not be permitted to proceed anonymously in this action, and the Complaint should be dismissed for failure to identify her by name.

**B.     Plaintiff's state law claims are barred by the applicable statute of limitations.**

The Third through Sixth causes of action in the Complaint allege state law causes of action for assault and battery, intentional infliction of emotional distress, and violations of California Civil Code Section 51.7 and 52.1. The statute of limitations in actions for which a claim is required is governed entirely by the Tort Claims Act. The provisions of the Code of Civil Procedure do not apply. Cal. Code of Civil Procedure Section 342 (2008). Indeed, "[a]n action against a public entity upon a cause of action for which a claim is required to be presented in accordance with ... the Government Code must be commenced within the time provided in §945.6 of the Government Code." *Id*.

No suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board. Govt. Code §945.4. All actions against a public entity or public employee acting within the course and scope of his/her employment seeking money or damages, except when the action is excluded, must be preceded by a proper claim. Govt. Code §905, 950.2. It applies not merely to physical injuries, but also to more "exotic" injuries. *Shelton v. Superior Court,* 56 Cal.App.3d 66 (1976) (loss of consortium); *Loehr v. Ventura Community College District*, 147 Cal.App.3d 1071

-6-

OF P'S AND A'S ISO DFNTS' MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6) and 41(b)

C 07-06337-MEJ

(1983) (humiliation and damage to reputation); *Miller v. Hoagland*, 247 Cal.App.2d 57 (1966) (slander). It also applies to intentional torts to persons and property. *Toscano v. Los Angeles County Sheriffs Dept.*, 92 Cal.App.3d 775 (1979) (false arrest); *Tietz v. Los Angeles Unified School District*, 238 Cal.App.2d 905 (1965) (intentional infliction of emotional distress). Plaintiff acknowledges this requirement at paragraph nine of her Complaint. That being established, Plaintiff was required to file her action within the time provided in Section 945.6.

The statute of limitations for actions in which a timely claim was presented is six months if notice of action on the claim is given. Govt. Code Section 945.6(a)(1). Plaintiff's claim was presented to the City on May 10, 2007 (Request for Judicial Notice, Exhibit B) and denied by the City on May 17, 2007 (Request for Judicial Notice, Exhibit C). Thus, Plaintiff was required to file her action on the state law claims no later than November 17, 2007. Plaintiff did not file her action until December 13, 2007. Therefore, her state law claims are time barred and should be dismissed accordingly. Leave to amend is not warranted because Plaintiff cannot amend the complaint to cure this fatal defect.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss should be granted and without leave to amend as to the time-barred state law causes of action.

DATED:  February 4, 2008

          JOHN A. RUSSO, City Attorney
          RANDOLPH W. HALL, Chief Assistant City Attorney
          WILLIAM E. SIMMONS, Supervising Trial Attorney
          ARLENE M. ROSEN, Senior Deputy City Attorney
          KANDIS A. WESTMORE, Deputy City Attorney

By: /S/ KANDIS A. WESTMORE
    Attorneys for Defendants,
    CITY OF OAKLAND, et al.