JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; WAYNE TUCKER, in his capacity as Chief of Police for the CITY OF OAKLAND; JOHN CHIN, individually and in his capacity as a police officer for the CITY OF OAKLAND; KIRK COLEMAN, individually and in his capacity as a police officer for the CITY OF OAKLAND; and, DOES 1-25, inclusive,<br><br>          Defendants.<br>_____/ | Case No. C 07 06337 MEJ<br><br>**PLAINTIFF'S OPPOSITION IN PART TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) and 41(b)**<br><br>Date: March 27, 2008<br>Time: 10:00 a.m.<br>Courtroom: B, 15th Floor<br><br>Honorable Magistrate Judge Maria-Elena James |

## INTRODUCTION

Plaintiff stipulates to dismissal of her untimely filed state law claims (causes of action Nos. three through six). However, Plaintiff maintains her Federal section 1983 claims (causes of action Nos. one and two). Plaintiff contends that the Court should not require that Plaintiff be placed in potential danger by revealing her identity in the instant lawsuit. Such a disclosure would place in public record the fact that both Plaintiff and her mother have cooperated with Oakland Police

Department officers in taking action against local criminals and drug dealers, leaving Plaintiff in the vulnerable position of being a known "snitch" known to local drug dealers and criminals.

Defendants concede that one of the limited exceptions to the Rule 10 requirement to accurately name a Plaintiff is that the personal safety of a Plaintiff may be threatened if they are actually named. That is exactly the case before the court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF RELEVANT FACTS REGARDING IDENTIFICATION OF PLAINTIFF JANE DOE

Without repeating the allegations made in Plaintiff's Complaint, Plaintiff alleged that both she and her family members have been involved in reporting illegal activity by people in their neighborhood to the Oakland Police Department, such as illicit drug transactions. Plaintiff alleged (at paragraph 11 of Plaintiff's complaint), that the assistance she and her family members provided to Oakland Police Department officers helped to reduce the crime rate in their neighborhood.

### II. THE PLAINTIFF'S SAFETY IS BEST SERVED IN ALLOWING PLAINTIFF TO PROCEED UNDER THE FICTITIOUS NAME OF "JANE DOE"

Defendants assert in their motion to dismiss that Plaintiff could no reasonably fear retaliation from unidentified drug dealers through prosecuting the instant matter. Defendant's position is an extremely narrow view and misses the point regarding Plaintiff's safety. One can make a reasonable inference that people engaged in illegal drug activities suffer damage to their illicit business, and possible arrest, when residents such as Plaintiff take it upon themselves to report the illicit activity to the police. In order to intimidate people against calling the police to report drug activities, criminal have been known to engage in acts of violence against those people who do report them to the police. Such intimidation can include simple threats and assault, battery, serious bodily harm, and worse.

One example of this potential harm to Plaintiff is described in a February 12, 2008 news article published in the San Francisco Chronicle (online at sfgate.com), written by columnist Chip Johnson. Mr. Johnson wrote the following concerning Oakland resident Patrick McCullough:

"McCullough, an electronics technician for the city of Berkeley who hold a law degree, is a political first-timer who claim to fame came three years ago this month when he was surrounded by a group of 15 men outside his home on 59th Street near Shattuck Avenue.

Some members of the group, **upset that McCullough had reported their activities to the police, shouted "Kill the Snitch."** McCullough fired when he said he saw teenager Melvin McHenry reaching for a gun in his waistband. He was never charged." (emphasis added). Full article attached as Exhibit A to the accompanying Declaration of Benjamin Nisenbaum in support of Plaintiff's Partial Opposition to Defendants' Motion to Dismiss.

The danger Plaintiff seeks to avoid in remaining formally unidentified in the public record as a person who has provided information to the police is no different than the danger that Patrick McCullough faced. Being known as a "snitch", which means nothing more than cooperating with police officers and giving them information, can place a person in a highly dangerous position, simply because that person acted as a civic-minded, responsible adult. By placing Plaintiff's true name in the public record, any media organization is free to publish Plaintiff's name, and describe the contents of her Complaint. In so doing, Plaintiff loses the protection of anonymity against criminals whose business is threatened by her assistance to the police.

Plaintiff's true name is known to Defendants, and there is no purpose served in forcing Plaintiff to file under her true name when the harm in such disclosure can be as severe as that which Mr. McCullough reportedly faced, about thirty blocks north of Plaintiff's residence in West Oakland.

### III. PLAINTIFF OFFERS NO OPPOSITION TO DEFENDANTS MOTION TO DISMISS HER STATE LAW CAUSES OF ACTION (NOS. THREE THROUGH SIX)

Defendants filed the instant motion without the benefit of any meet-and-confer with Plaintiff's attorney. If the failure to timely file Plaintiff's Complaint as to Plaintiff's state law claims (causes of action nos. three through six) had been brought to Plaintiff's attorney's attention, Plaintiff's attorney would have readily agreed to dismiss these causes of action. Plaintiff offers no opposition to this portion of Defendants' motion.

### IV. CONCLUSION

Plaintiff does not oppose Defendants' motion to dismiss her state law claims, but maintains that her safety is best protected by allowing her to proceed under the fictitious name of "Jane Doe." Alternatively,

should the Court order that Plaintiff file under her true name, Plaintiff request that the Court allow Plaintiff time to consider whether to amend the Complaint and continue under her true name.

Respectfully submitted,

Dated: March 4, 2008

The Law Offices of John L. Burris

/s/Benjamin Nisenbaum
Ben Nisenbaum
Attorney for Plaintiff