JOHN A. RUSSO, City Attorney, SBN129729
RANDOLPH W. HALL, Chief Asst. City Atty., SBN 080142
WILLIAM E. SIMMONS, Supervising Trial Atty., SBN 121266
ARLENE M. ROSEN, Senior Deputy City Atty., SBN 100160
KANDIS A. WESTMORE, Deputy City Atty., SBN 194594
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3589, Fax: (510) 238-6500
Email: kawestmore@oaklandcityattorney.org
25881/441351

Attorneys for Defendants,
CITY OF OAKLAND, et al.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF OAKLAND, a municipal corporation; WAYNE TUCKER, in his capacity as Chief of Police for the CITY OF OAKLAND; JOHN CHIN, individually and in his capacity as a police officer for the CITY OF OAKLAND; KIRK COLEMAN, individually and in his capacity as a police officer for the CITY OF OAKLAND; and, DOES 1-25, inclusive,<br><br>    Defendants. | Case No.:  C-07-06337-MEJ<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) and 41(b)**<br><br>Date:      March 27, 2008<br>Time:      10:00 a.m.<br>Courtroom: B, 15th Floor<br>Magistrate Judge: Maria-Elena James |

/ / /

/ / /

/ / /

/ / /

/ / /

## I.   LEGAL ARGUMENT

**A.   The third through sixth causes of action must be dismissed.**

Plaintiff's Opposition to Defendants' Motion to Dismiss concedes that her state law claims are untimely and offers no opposition to the motion to dismiss causes of action numbers one through three. As such, the third through sixth causes of action must be dismissed.

**B.   Plaintiff's Opposition fails to show that she falls under one of the limited exceptions to FRCP 10(a) and Local Rule 3-4(a).**

Plaintiff's Opposition offers no legal authority for her position that she should be allowed to proceed anonymously in this action against the City defendants nor do the allegations in her complaint offer any support for her position. Instead, she argues that she and her family members have generally assisted OPD officers with reducing crime in their neighborhood. There are no allegations in the complaint to suggest a connection between Plaintiff's assistance to OPD at any given time in the past and her detention on March 16, 2007 which is the subject of this lawsuit. Thus, there is nothing to show that the injury litigated against (unlawful detention) is likely to occur as a result of the disclosure of her identity in this case. See *John DOE v. Bernard Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981). Suspects in other cases in which Plaintiff may have assisted OPD have not been mentioned in this case and are not witnesses or suspects in this case. Whomever those unidentified individuals may have been, they have no relationship whatsoever to Plaintiff's current action against the city for her allegedly unlawful detention.

Furthermore, this case is nothing like the one described in the February 12, 2008 news article about the vigilante running for Oakland City Council cited by Plaintiff. Notwithstanding the fact that the article provides very little background about the case, is taken out of context, and offers no form of authority for the decision to be made on the motion in this case, it is inapposite. The article appears to discuss a situation in which the "vigilante" was threatened by specific individuals who were angry about the fact that he had reported their activities to the police. It is

unclear in what context those individuals' actions were reported, and it doesn't appear to involve a plaintiff seeking to proceed anonymously in a lawsuit against the police for his own unlawful arrest. So, the article does not assist Plaintiff here.[1] Therefore, Plaintiff has failed to show exceptional circumstances to justify departing from the normal method of proceeding in federal court, and the Complaint should be dismissed accordingly.

## II.   CONCLUSION

For the reasons stated above and for those previously discussed in Defendants' initial moving papers, Defendants' Motion to Dismiss should be granted. If leave to amend the first and second causes of action is given, Plaintiff should be ordered to file the Amended Complaint under her true name as required by FRCP 10(a) and Civil Local Rule 3-4(a)(1).

DATED:  March 13, 2008

>                                   JOHN A. RUSSO, City Attorney
>                                   RANDOLPH W. HALL, Chief Assistant City Attorney
>                                   WILLIAM E. SIMMONS, Supervising Trial Attorney
>                                   ARLENE M. ROSEN, Senior Deputy City Attorney
>                                   KANDIS A. WESTMORE, Deputy City Attorney
>
>                             By: /S/ KANDIS A. WESTMORE
>                                   Attorneys for Defendants,
>                                   CITY OF OAKLAND, et al.

---

[1] The article is also improperly before this court as it goes outside the pleadings, is not properly authenticated, and is hearsay.

-3-

REPLY TO PLAINTIFF'S OPPOSITION TO                                                       C 07-06337-MEJ
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) and 41(b)